CLD-079                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4107
_____

ALEX LEROY LOVEJOY

v.

RICHARD A. LEWIS; MICHAEL L. ROZMAN;
EDWARD M. MARSICO, JR.; JOSEPH P. CARDINALE, JR.

Alex L. Lovejoy, Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-15-cv-02495)
District Judge:  Honorable Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 21, 2016

Before:  FISHER, SHWARTZ and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  January 6, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Alex Leroy Lovejoy appeals from the District Court's dismissal of his complaint. We will summarily affirm.

In December 2015, Lovejoy, an inmate confined at SCI-Graterford, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in the Middle District of Pennsylvania, alleging violations of his Fifth, Eighth, Thirteenth, and Fourteenth Amendment rights. Lovejoy contended that on March 22, 2001, President Judge Richard A. Lewis of the Dauphin County Court of Common Pleas instructed Lovejoy "to never come back to the State of Pennsylvania" and that if Lovejoy did, Judge Lewis would "make an example out of him."

In October 2002, a jury found Lovejoy guilty of third-degree murder. Lovejoy claimed that Judge Lewis made good on his promise to "make an example" of him by improperly disregarding a juror's ambiguous response during the post-verdict juror polling in front of Lovejoy at the conclusion of the trial,[1] and sentencing him to twenty-to-forty years' incarceration for third-degree murder as if the jury had reached a unanimous verdict. In addition to the claims asserted against Judge Lewis, Lovejoy also named Dauphin County District Attorney Edward M. Marsico, Jr., Dauphin County Deputy District Attorney Joseph P. Cardinale, Jr., and Dauphin County Assistant District Attorney Michael L. Rozman for failing to intervene or correct the alleged injustice.

---

[1] Lovejoy alleges that when the jurors were polled for their verdict for the charge of murder in the third degree, one juror, who had previously voted "Not guilty" for murder in the first degree, responded "As I wrote." Lovejoy claims that this response indicates a "not guilty" verdict, which would have resulted in "hanging the jury."

In June 2016, pursuant to 28 U.S.C. §§ 1915(e) and 1915A(a), the Magistrate Judge recommended dismissing Lovejoy's complaint with prejudice as his claims were barred by the statute of limitations, and explained that amendment would be futile as the statute of limitations had lapsed eleven years prior. Over Lovejoy's objections, the District Court, by order entered on October 31, 2016, adopted the recommendations of the Magistrate Judge. Lovejoy appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Lovejoy has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). We exercise plenary review of the District Court's order dismissing Lovejoy's complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

We agree with the District Court that Lovejoy's complaint is barred by the statute of limitations for the reasons given by the Magistrate Judge in her Report and Recommendations. Moreover, we agree with the District Court that even if the complaint were timely, it is also barred under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court unequivocally held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff bringing a § 1983 action must prove that his conviction or sentence has been reversed on appeal, expunged, or called into question. Id. at 486-87. Because Lovejoy's allegations — that he was denied his Sixth Amendment right to a unanimous verdict, see United States v. Edmonds, 80 F.3d 810, 815 (3d Cir. 1996), and was

3

therefore erroneously sentenced — necessarily challenge the legality of his conviction and sentence, he must demonstrate that his conviction has been invalidated to proceed with this suit. He has failed to do so. Thus, the District Court properly dismissed his complaint under Heck.[2]

Because the appeal does not present a substantial question, we will summarily affirm the judgment of the District Court.

---

[2] Lovejoy's complaint, which sought damages from both the presiding judge and the prosecutors involved in his case, is also barred under the doctrines of judicial and prosecutorial immunity. See Pierson v. Ray, 386 U.S. 547, 553-54 (1967) (holding judges are immune "from liability for damages for acts committed within their judicial jurisdiction" even when "accused of acting maliciously and corruptly"); see also Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) (holding "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity").